Shauck, J.
The seminary claims that its endowment fund is exempt from taxation under the pro *426 visions of section 2732 of the Revised Statutes, and that view was taken by the circuit court. Counsel for the treasurer challenge that interpretation of the section as well as its constitutional validity. The section describes the property which is exempt from taxation and the present discussion involves the sixth subdivision of the section which is:
“All buildings belonging to institution[s] of purely public charity, and all buildings belonging to and used exclusively for armory purposes by lawfully organized military organizations which are and shall continue to be fully armed and equipped at their own expense and by law made subject to all calls of the governor for troops in case of war, riot, insurrection or invasion together with the road [land] actually occupied by such institutions, and that owned and used as sites for such armory buildings of said military organizations not leased or otherwise used with a view to profit, and all moneys and credits appropriated solely to sustain and belonging exclusively to said institutions and military organizations.”
The constitutional authority for the exemption is found in section 2 of article 12 of the constitution which prescribes the general rule of uniformity of taxation as well as the subjects of taxation which may be omitted from its operation.
It provides “Laws shall be passed taxing by a uniform rule all moneys, credits, * * *; but * # # institutions of purely public charity # * * may, by general laws, be exempted from taxation; and all such laws shall be subject to alteration' or repeal * # *.”
While the section employs mandatory terms in prescribing the general rule of uniformity of taxa *427 tion, it does not by force of its own terms provide any exceptions to that rule, but merely authorizes the general assembly to provide by general laws for the exemption of property of the. designated character. It is settled in Gerke et al. v. Purcell, 25 Ohio St., 229, and in cases following it, that an institution, such as the petition alleges the seminary to be, is “an institution of purely public charity” within the meaning of this section of the constitution. Since the particular authority conferred upon the general assembly is to exempt such institutions without limit or qualification, and since within the contemplation of taxing provisions the institution must consist wholly of its property, there appears to be no ground whatever for the constitutional point, raised by counsel for the treasurer. It must, however, be admitted that the meaning of the statute is not so clear as is that of the constitutional provision. The general assembly is not required to exercise all the power of exemption which is conferred, and some doubt has been raised respecting the extent to which it has seen fit to exercise it. It is said that in the court of common pleas the demurrer in the present case was sustained upon the supposed authority of the Cincinnati College v. The State, 19 Ohio, 110, where it was decided that where the assets of a similar institution are in lands which are leased, the lands are taxable although the rents are devoted wholly to the maintenance of the institution in the same manner as is the interest derived from the loaning of an endowment fund. The inability of the judge of the court of common pleas to find a philosophical reason why the land should be subject to taxation in one case and the fund exempt in the other starts sympathy. The consideration suggested may have influenced *428 this court to decide in Davis, Auditor, v. The Cincinnati Camp Meeting Association, 57 Ohio St., 257, that “Where an association, organized and conducted for the purpose of a purely public, charity, as a camp meeting, under the supervision and control of some church, owns real estate devoted exclusively to the same use; and thereon provides privileges for the comfort and convenience of those who may attend the meeting, the fact that it makes charges for the use of these privileges, does not subject its property, nor the privileges so provided, to taxation under the laws of this state.” No attention was there given to the change in the language of the statute since the decision of the College v. The State. But that change was considered in the Cleveland Library Association v. Pelton, Treasurer, 36 Ohio St., 253, where it was held that the rented portion of the land of an institution- of that character is not within the exemption, although the rents are used for the purposes of maintenance. In all the cases cited conclusive effect was intended to be given to the terms of the statute without consideration of the reasons for its discriminations. The observation that the reason of the law is its life, so frequently helpful in the determination of questions' arising at common law, must have a restricted application to the interpretation of statutes. In the discharge of the duty of interpretation it is not required or permitted to courts to go beyond the plain meaning of the language which the legislature has used to express its intention. Assuming the correctness of the decisions cited with respect to the taxability of land belonging to such institutions and leased for income to be devoted to their maintenance, it is entirely clear that the legislature has deliberately prescribed a different *429 rule with respect to an endowment'to be loaned for an income to be devoted to that purpose. There can be no conceivable condition of such a fund in which it is not either “money” or “credits” appropriated solely to sustain, and belonging exclusively to, such institution, and by the unambiguous terms of the statute it is exempt from taxation. When counsel for the treasurer ask us to follow the judge of the court of common pleas to the consideration of the sufficiency of the supposed reasons for the discrimination they invite us to an inquiry which is not open to us. The judgment of the circuit court will be affirmed.

Affirmed.

Davis, C. J., Price, Crew, Summers and Spear, JJ., concur.